**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GEE & JENSON ENGINEERS, ARCHITECTS AND PLANNERS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-457c |
| | ) | (Judge Bush) |
| UNITED STATES GOVERNMENT, DEPARTMENT OF THE NAVY, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTER-CLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. The allegations contained in paragraph 2 constitute legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in paragraph 3 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 3. Avers that Contract No. N62467-93-D-0911 was awarded on 20 July 1993.

4. Admits.

5. Admits that the Navy notified Gee & Jenson of its potential liability for design problems; denies that the notification was in 1998.

6. Admits the allegations in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies all other allegations contained

in paragraph 6.

7. The allegation contained in paragraph 7 constitute legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

8. The allegation contained in paragraph 8 are legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 are legal conclusions and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are legal conclusions to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

11. Denies plaintiff is entitled to the relief requested in the "wherefore" paragraph following paragraph 10.

12. Denies each and every allegation not previously admitted or otherwise qualified.

DEFENDANT'S COUNTERCLAIM

1. This Court possesses jurisdiction to entertain the Government's counterclaim pursuant to 28 U.S.C. § 1503 and 28 U.S.C. § 2508.

2. The Government awarded an indefinite delivery requirements contract, contract no. N62467-93-D-0911 to the plaintiff for architect-engineering services on July 20, 1993.

3. On or around September 28, 1993, the Government awarded delivery number N62467-93-D-0911/00001 for the NISE East Building, Naval Weapons Station, Charleston, S.C. ("NISE East building").

4. The plaintiff's responsibilities under the design contract included the following: "(a), [t]he Contractor shall be responsible for the professional quality, technical accuracy, and the

coordination of all designs, drawings, specifications, and other services furnished by the Contractor under this contract. The Contractor shall, without additional compensation, correct or revise any errors or deficiencies in its design, drawings, specifications, and other services. (b) Neither the Government's review, approval or acceptance of, nor payment for, the services required under this contract shall be construed to operate as a waiver of any rights under this contract or of any cause of action arising out of the performance of this contract, and the Contractor shall remain liable to the Government in accordance with the applicable law for all damages to the Government caused by the Contractor's negligent performance of any services furnished under this contract. (c) The rights and remedies of the Government provided for under this contract are in addition to any other rights and remedies provided by law. (d) If the Contractor is composed of more than one legal entity, each such entity shall be jointly and severally liable hereunder." ("the A/E clause")

5. In 1995, the contract was modified to include Title II Inspection and Surveillance Services in connection with the construction of the NISE East building.

6. In 1998, water infiltration was discovered in the NISE East building.

7. The Navy hired Riesberg Lunn, LLC to conduct a forensic engineering study of the NISE East building, Charleston, SC.

8. The survey concluded that the water infiltration problems were caused by improper flashing under the sill of the windowsill and failure to design a proper stucco termination.

9. The plaintiff, in its design for the building, failed to indicate flashing under the sill of the windowsill and to design a proper stucco termination. These omissions breached the professional standard of care.

10. On or around February 19, 1999, the Navy advised the plaintiff of its potential

liability for design problems associated with water infiltration at the NISE East building.

11. In November 1999, the Navy made formal demand for the costs of the forensic study and investigation.

12. On or around September 25, 2002, the Navy awarded contract no. N62467-96-D-0819/000403 to Riesberg Lunn to design repairs to the NISE East building related to the water infiltration.

13. On or around March 14, 2005, the Navy awarded contract no. N62467-01-D-8306 to Hitt Contracting for repairs to remediate the water infiltration at NISE East building.

14. The costs incurred by the Navy for the subsequent design and repair of the NISE East building is the result of the plaintiff's negligent design.

15. Under the A/E clause in the contract, the plaintiff is obligated to reimburse the Government for all damages caused by its negligence.

16. The plaintiff has refused to pay for costs associated with identifying and remediating the water infiltration problems in the NISE East building

17. The Navy submitted a claim to the contracting officer, who issued the final decision on or around April 7, 2004.

18. As a result of the water infiltration problems caused by the plaintiff's negligent design, Navy has now incurred $172,186.40 in costs, exclusive of interest.

WHEREFORE, defendant requests that the court enter judgment in its favor, order that the complaint be dismissed, that judgment be entered in favor of the defendant in the amount of $172, 186.40, interest, attorneys' fees, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
PAMELA NESTELL
Trial Attorney
Department of the Navy
Naval Facilities Engineering Command
Litigation Headquarters
720 Kenyon Street, S.E.
Washington Navy Yard, D.C. 20374

S/Tara K. Hogan
TARA K. HOGAN
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tele: (202)307-1011
Fax: (202) 514-8624

August 8, 2005

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on this 8th day of August, 2005 a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTER-CLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Tara K. Hogan