**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GEE & JENSON ENGINEERS, )
ARCHITECTS AND PLANNERS )
)
Plaintiff, )
)
vs. ) No. 05-457c
) (Judge Bush)
UNITED STATES GOVERNMENT, )
DEPARTMENT OF THE NAVY, )
)
Defendant )
)

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

COMES NOW Gee & Jenson Engineers, Architects and Planners, Plaintiff in the above case, and files this Answer to the Defendant's Counterclaim as follows:

**FIRST DEFENSE**

All professional services provided by the Plaintiff complied with the professional standard of care and, as a result, the Defendant is not entitled to any recovery in this action.

**SECOND DEFENSE**

No act or omission by the Plaintiff in the performance of its professional services proximately caused the alleged damage for which Defendant seeks recovery in this Counterclaim and, as a result, the Defendant is not entitled to any recovery.

**THIRD DEFENSE**

The costs incurred by the Defendant which are the subject of this action were unnecessarily incurred or were otherwise incurred as a result of the erroneous advice of others, including but not limited to the advice of Defendant's forensic consultants, and as a result, the Plaintiff is not liable to the Defendant for any such costs.

**FOURTH DEFENSE**

The Defendant failed to mitigate damages.

**FIFTH DEFENSE**

The Defendant's claims are barred by the applicable statute of limitations.

**SIXTH DEFENSE**

The Defendant's claims are barred by estoppel, laches and waiver.

**SEVENTH DEFENSE**

The Plaintiff responds to the individually numbered paragraphs of Defendant's Counterclaim as follows:

1. Responding to paragraph 1, the Plaintiff does not dispute this Court's jurisdiction to entertain Plaintiff's claim or Defendant's Counterclaim.

2. The Plaintiff admits the allegations set forth in paragraph 2.

3. In response to paragraph 3, the Plaintiff admits, upon information and belief, the contract was awarded on or around September 28, 1993.

4. Responding to paragraph 4, the Plaintiff admits that the Defendant has accurately quoted a portion of the design contract, but in further response, the Plaintiff states that the terms of the contract otherwise speak for themselves.

5. The Plaintiff admits the allegations set forth in paragraph (5).

6. Responding to paragraph 6, the Plaintiff states that the Navy has contended that some water infiltration has occurred in the NISE East Building, but the Plaintiff can neither admit nor deny the Defendant's allegations as to when the Navy allegedly discovered any situation upon which that contention is based. In further response, the Plaintiff denies that any water infiltration occurred as a result of any design errors or deficiencies on the part of the Plaintiff and further denies that any alleged water infiltration required or justified the remedial work which is the subject of this action.

7. Upon information and belief, the Plaintiff admits the allegations set forth in paragraph 7.

8. Responding to paragraph 8, the Plaintiff states that the conclusions of the Riesberg Lunn Survey speak for themselves, but the Plaintiff disputes any such conclusions to the extent they state or suggest that any alleged water infiltration problems were caused by improper flashing under the sill of the window sill and failure to design a proper stucco maintenance.

9. The Plaintiff denies the allegations set forth in paragraph 9 and otherwise denies all allegations concerning design error or responsibility for any damages allegedly incurred by the Defendant.

10. Responding to paragraph 10, the Plaintiff admits that the Navy did advise Plaintiff, on or about February 19, 1999, of various contentions concerning various alleged design problems, which alleged problems included water infiltration at the NISE East Building. In further response, the Plaintiff states that it denies all such allegations.

11. Responding to paragraph 11, the Plaintiff admits that the Navy made certain demands upon plaintiff by letter dated November 24, 1999, and that such demands included the reimbursement of some costs associated with the forensic study and investigation. In further response to paragraph 11, the Plaintiff denies liability for such costs.

12. For lack of sufficient knowledge, information or belief, the Plaintiff can neither admit nor deny the allegations set forth in paragraph 12.

13. For lack of sufficient knowledge, information or belief, the Plaintiff can neither admit nor deny the allegations set forth in paragraph 13.

14. The Plaintiff denies all allegations set forth in paragraph 14.

15. The Plaintiff denies all allegations set forth in paragraph 15.

16. Responding to paragraph 16, the Plaintiff denies that it is responsible or liable for the payment of any costs incurred by the Defendant in allegedly identifying and/or remediating alleged water infiltration problems in the NISE East Building, and as a

result, the Plaintiff admits that it has refused to pay for any such costs.

17. Responding to paragraph 17, the Plaintiff states that the Contracting Officer issued a "Final Decision" dated April 7, 2004, which document was received by Plaintiff on April 11, 2004. In further response, the Plaintiff disputes the findings of that decision and denies liability thereunder.

18. The Plaintiff denies all allegations set forth within paragraph 18, as well as the assumptions upon which those allegations are based.

19. Any allegation set forth in the Counterclaim which has not been specifically admitted, denied or otherwise addressed above, is denied.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against the Defendant as to Plaintiff's claim and Defendant's Counterclaim; that the Counterclaim be dismissed; and that the Plaintiff receive such other and further relief as the Court may deem just and proper including but not limited to its attorney's fees and other expenses of litigation.

**PEDERSEN & SCOTT, P.C.**

s/William A. Scott
______________________________

William A. Scott, Esquire
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
Gee & Jenson Construction Company, Inc.

Dated this __23rd___ day of __August__, 2005.